UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KIRK KEVIN RICE,

        Plaintiff,

Case No. 1:07-CV-578

v.

Hon. Richard Alan Enslen

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

**JUDGMENT**

        Defendants.
_____/

      This matter is before the Court on United States Magistrate Judge Ellen S. Carmody's Report and Recommendation that Plaintiff Kirk Kevin Rice's *pro se* action be dismissed upon initial screening. Plaintiff timely objects to dismissal. This Court reviews these matters *de novo*. *See* 28 U.S.C. § 636.

      The screening statutes incorporate by reference the standard for dismissal under Rule 12(b)(6). Under such Rule, a court assumes the truth of the allegations and may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Nevertheless, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

      Plaintiff has sued for a declaratory ruling which would grant him relief in seeking further parole review. His constitutional/civil rights/42 U.S.C. § 1983 claims arise under the Due Process Clause and the *Ex Post Facto* Clause. He has also sued under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et. seq.*, and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as well as state law. Plaintiff argues in his Response that the Magistrate Judge misread his Complaint and that the decision in *Vitek v. Jones*, 445 U.S. 480 (1980) supports a finding that the Fourteenth Amendment forbids the

application of a mental health category to him without due process of law. (Resp. 3.) While this is true in part, the analysis in *Vitek* depended on the determination therein that the mental health hospitalization of the prisoner was a "grievous loss" which constituted a "major change in the conditions of confinement . . . ." *Vitek*, 445 U.S. at 487-88. This "grievous loss" supported the Supreme Court's finding that the prisoner had a liberty interest in non-hospital placement. *Id.* The instant case does not concern any hospital placement and the Magistrate Judge was correct in concluding that no liberty interest was implicated. Plaintiff's Due Process claims, therefore, fail.

Plaintiff has argued that the decision in *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997) also mandates Due Process relief because of the stigmatizing effects of labeling him a "sex offender." This argument overlooks the holding of *Neal*. *Neal* held that a prisoner without a criminal history for a sex offense (Neal) was entitled to a due process hearing before being labeled as a "sex offender," but another prisoner (Martinez), who had been convicted of attempted rape, was not entitled to additional process before being so labeled. *Id.* at 831. This aspect of *Neal* was reiterated by the United States Supreme Court in *McKune v. Lile*, 536 U.S. 24, 37-39 (2002), wherein it held that prisoners convicted of sexual offenses were not entitled to due process before the prison system labeled "sex offenders" and subjected them to sexual offender therapy as a condition for favorable treatment. In this case, Rice's past conviction of one count of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct more than warrants a "sexual offender" classification. He was not entitled to more process in connection with that classification.

Plaintiff's *Ex Post Facto* argument likewise fails. Plaintiff has argued that the operative version of 1996 Michigan Administrative Rule 791.7716, which adversely affected his parole consideration as a sex offender, was promulgated after his conviction, and its enforcement violated his rights under the *Ex Post Facto* Clause. The same essential argument was rejected by the Sixth Circuit Court of Appeals in *Shabazz v. Gabry*, 123 F.3d 909, 915-16 (6th Cir. 1997). *Shabazz* properly held that the post-conviction changes to

discretionary parole rules does not implicate the *Ex Post Facto* Clause. The same ruling applies to enactment of the 1996 parole guidelines.[1]

Plaintiff's other claims were properly adjudicated in the Report by the Magistrate Judge. The ADA and Rehabilitation Act claims fail because the definition of "disability" in those acts excludes "sexual behavior disorders." *See* 42 U.S.C. § 12211(b); 29 U.S.C. § 705(20)(F). The state law claims, including claims involving supposedly mandatory regulatory language, are properly dismissed under 28 U.S.C. § 1367(c)(3) given the general policy of the federal court to afford comity to the state courts to determine supplemental state law claims. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (citing *Taylor v. First of America Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir. 1992) and *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).)

For the reasons given here and in the Report and Recommendation, the Court also discerns no good faith basis for an appeal and will so certify. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Kirk Kevin Rice's Response (Dkt. No. 7) is **DENIED**, the Report and Recommendation (Dkt. No. 6) is **ADOPTED**, the federal law claims are **DISMISSED WITH PREJUDICE** due to failure to state a claim, and the state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
November 13, 2007  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's section 1983/constitutional claims against the Michigan Department of Corrections and Michigan Parole Board also fail due to Eleventh Amendment immunity. *See Pennhurst State Sch. v. Halderman,* 465 U.S. 89, 117-21 (1984); *Quern v. Jordan,* 440 U.S. 332, 342 (1979).